**Dismiss and Opinion Filed July 15, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00387-CV

**LAWRENCE DOUGHTY, Appellant**
**V.**
**BLTREJV3 DALLAS LLC, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 14-02081**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Brown
Opinion by Chief Justice Wright

A review of this case shows that, on March 3, 2014, Lawrence Doughty filed an original petition and request for temporary restraining order against BLTREJV3 Dallas LLC, J.P. Morgan Chase & Co., and the Dallas County Constables Office. The following day, the trial court granted a TRO against BLTREJV3 Dallas LLC and J.P. Morgan Chase & Co. That same day, Doughty filed his amended petition and request for TRO against only BLTREJV3 Dallas LLC and J.P. Morgan Chase & Co. Thus, the Dallas County Constables Office was no longer a party in the lawsuit.

BLTREJV3 Dallas LLC filed and was granted a motion for TRO against Doughty. In turn, Doughty filed a motion to recuse the trial judge which was denied on March 17, 2014. BLTREJV3 Dallas LLC then filed a motion seeking to have Doughty declared a vexatious

litigant. On March 20, 2014, the trial court signed an order declaring Doughty a vexatious litigant and required him to provide a $10,000 cash deposit to proceed with his lawsuit against BLTREJV3 Dallas LLC.

On March 24, 2014, Doughty filed a notice of appeal of the "decision of the District Judge on March 20, 2014." Two days later, he filed an amended notice of appeal seeking to appeal the "decision of the District Judge on March 17, 2014." On March 27, 2014, the trial court dismissed Doughty's cause against BLTREJV3 Dallas LLC because Doughty had not filed the $10,000 cash security deposit. On April 8, 2014, J.P. Morgan Chase & Co. filed a notice in the trial court, stating it had removed the cause to the United States District Court for the Northern District of Texas, Dallas Division.

After we received Doughty's notice of appeal and docketed this appeal, J.P. Morgan Chase & Co. filed a notice of appearance of counsel followed by a motion to withdraw appearance of counsel. In its motion, J.P. Morgan Chase & Co. explained its notice of appearance was filed "as a matter of course" but upon further examination, it appeared J.P. Morgan Chase & Co. was not a party to the order Doughty was appealing. We agreed and, in an order dated April 18, 2014, directed the Clerk of our Court to remove J.P. Morgan Chase & Co. from the appeal, leaving the appeal styled "Lawrence Doughty v. BLTREJV3 Dallas LLC."

When we received the clerk's record in this appeal, we questioned whether there was a final judgment rendered in the trial court. At the time the trial court dismissed the claims as to BLTREJV3 Dallas LLC, claims were still pending as to J.P. Morgan Chase & Co. Because the March 27, 2014 dismissal judgment did not dispose of all claims and all parties, there is no final judgment in this case, and we lack jurisdiction. To the extent Doughty seeks to appeal the March 17, 2014 order denying his motion to recuse, we likewise do not have jurisdiction because this is

not an order for which an interlocutory appeal is provided. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West 20XX).

We further note that, because J.P Morgan Chase & Co. was not a proper party to the appeal filed in this Court, its removal to federal court of the remaining claims asserted by Doughty against J.P. Morgan Chase & Co. in the trial court cause does not affect our jurisdiction over Doughty's attempt to appeal a nonfinal judgment or otherwise interlocutory order. *Compare Meyerland Co. v. Fed. Deposit Ins. Corp.*, 848 S.W.2d 82, 83 (Tex. 1993) (trial court's judgment appealed to court of appeals and thereafter party removed cause to federal court; court of appeals' order of dismissal void because cause removed to federal court while appeal was pending in court of appeals; court of appeals ordered to abate case pending disposition in federal court) *with Russell v. Dallas Indep. Sch. Dist.*, No. 05-10-00563-CV, 2010 WL 2839633, *1 (Tex. App.—Dallas July 21, 2010) (mem. op.) (dismissal from court of appeals docket proper when case was removed from trial court to federal court and notice of appeal to court of appeals filed after removal).

We dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).



140387F.P05 

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LAWRENCE DOUGHTY, Appellant

No. 05-14-00387-CV V.

BLTREJV3 DALLAS LLC, Appellee

On Appeal from the 160th Judicial District Court, Dallas County, Texas
Trial Court Cause No. 14-02081.
Opinion delivered by Chief Justice Wright, Justices Lang-Miers and Brown participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee BLTREJV3 DALLAS LLC recover its costs of this appeal, if any, from appellant LAWRENCE DOUGHTY.

Judgment entered this 15th day of July, 2014.